# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| UMB BANK, N.A.,<br>  Plaintiff,<br><br>v.<br><br>ALL COMMERCIAL FLOORS, INC.<br>  Defendant. | § § § § § § § § | Civil Action No. 4:21-cv-01154-O |

### JOINT STIPULATION AND AGREED ORDER BY AND BETWEEN J.T. VAUGHN CONSTRUCTION, LLC, AND THE COURT APPOINTED RECEIVER REGARDING DEFAULT AND FINAL PAYMENT OF ALL SUBCONTRACTS WITH ALL COMMERCIAL FLOORS, INC.

THIS MATTER coming before the Court on the Agreed Motion to Approve Joint Stipulation and Agreed Order (the "**Joint Stipulation and Order**") Regarding the default and final payment of on all subcontract agreements by and between All Commercial Floors Inc. ("**ACF**") and J.T. Vaughn Construction, LLC ("**Vaughn**") and the Receiver, Jeff Meritt (the "**Receiver**") (collectively, the Receiver, Vaughn and ACF are referred to herein as the "**Parties**"). The Parties agree and stipulate to the following:

## RECITALS

1. Prior to the commencement of this instant action, ACF, as a subcontractor, executed various subcontract agreements with Vaughn to perform certain floor covering work at various locations in the state of Texas (the "**Projects**").

2. 2. On October 22, 2021, this Court entered its Order appointing Jeff Merrit as Receiver (ECF No. 7) for ACF (the "**Receiver Order**").

3. On December 9, 2021, this Court entered its First Amended Order Appointing Receiver (ECF No. 11) (the "**Amended Receiver Order**").

4. ACF defaulted on several of its Project subcontract agreements with Vaughn.

5. Pursuant to the terms of the Project subcontract agreements with ACF, after ACF's default, Vaughn provided materials, labor, and equipment necessary to complete ACFs work and correct ACF's defective work. ACF is not entitled to any payment until all of ACF's scope of work was completed by Vaughn.

JOINT STIPULATION AND AGREED ORDER BY AND BETWEEN J.T. VAUGHN CONSTRUCTION, LLC, AND THE COURT APPOINTED RECEIVER REGARDING DEFAULT AND FINAL PAYMENT OF ALL SUBCONTRACTS WITH ALL COMMERCIAL FLOORS, INC. — Page 1

4860-1764-5399 / 2320800.DOCX

> 8.9.a. *If Subcontractor at any time shall: (1) refuse or fail to supply adequate and competent supervision, or skilled workmen or materials of the proper quality or quantity; (2) fail in any respect to prosecute the Work with promptness and diligence; (3) fail to pay its suppliers, workers or subcontractors or other debts in a timely manner; (4) fail to promptly correct any defective work; (5) fail to provide proper insurance; (6) fail to give financial assurances or guarantees when requested by Contractor; (7) or otherwise breaches the Subcontract by failing in the performance of any warranty, covenant or agreement on its part; or (8) delays the work of Contractor or other subcontractors, Contractor shall have the option, after twenty-four (24) hours written notice to Subcontractor, without prejudice to any other remedy Contractor may have, supplement Subcontractor's forces and provide any labor or materials deemed necessary by Contractor and to deduct the cost thereof from any money due or thereafter to become due by Contractor to Subcontractor or terminate the Project Subcontract. In addition, Contractor may terminate Subcontractor's right to proceed or continue with the Work. Contractor may enter upon the premises and take possession of all materials, equipment, or appliances, of any kind whatsoever of Subcontractor and to employ any other person or persons to finish the Work and to provide the materials therefor. If Subcontractor is in default, Subcontractor shall not be entitled to receive any payment which might otherwise be due it until all of Subcontractor's obligations shall be performed and payment in full has been made by Owner to Contractor, at which time, if the unpaid balance of the amount to be paid under this Subcontract shall exceed the expenses incurred by Contractor in finishing Subcontractor's Work, plus any costs or damages sustained by Contractor by reason of such failure or lack of performance by Subcontractor, including attorney's fees, such excess shall be paid by Contractor to Subcontractor. If such expenses, costs, and damages exceed such unpaid balance, Subcontractor shall pay the difference to Contractor. If Subcontractor, for any reason, is in default on one project, Contractor shall have the right to offset and apply any amounts that might be owed by Contractor to Subcontractor on any other project, including any retainage amounts.*

6. Further, Vaughn has the right to offset any losses it incurs on one project against any amounts owned by ACF to Vaughn on another project.

> *If Subcontractor, for any reason, is in default on one project, Contractor shall have the right to offset and apply any amounts that might be owed by Contractor to Subcontractor on any other project, including any retainage amount.*

7. The Receiver has been in communication with Vaughn since ACF's default and the Parties periodically have discussed progress on the Projects, payment of timely claims made by ACF's suppliers and subcontractors, and the cost to complete and correct ACF's scope of work. Following arms-length negotiations and discussions conducted in good faith, the Parties have agreed to the final resolution in accordance with the terms set forth in this Joint Stipulation and Order as follows:

JOINT STIPULATION AND AGREED ORDER BY AND BETWEEN J.T. VAUGHN CONSTRUCTION, LLC, AND THE COURT APPOINTED RECEIVER REGARDING DEFAULT AND FINAL PAYMENT OF ALL SUBCONTRACTS WITH ALL COMMERCIAL FLOORS, INC. — Page 2

4860-1764-5399 / 2320800.DOCX

| **Project Name** | **Agreed Amount to be Paid to Receiver** |
|---|---|
| • UTSW Brain & Cancer | $292,849.57 |
| • Childrens Plano Mockup | $2,874 |
| • Hermann Memorial HP2/PIB/HP1 | $1,953 |
| • Memorial Hermann Hospital | $19,221.71 |
| • Methodist League City | $0 (subcontract was deleted) |
| • SDMC Elevator 30 | $775 |
| • SDMC Respiratory Therapy | $0 (no subcontract/no work performed) |
| • Tower Expansion Mockups | $0 (no work performed) |
| • St. David's Cardiovascular | $172 |
| • St. David's Bailey Square | $14,980.34 |
| TOTAL PAYMENT TO RECEIVER: | $332,825.62 |

8. Within ten (10) days after entry by the Court of this JOINT STIPULATION AND ORDER, Vaughn shall deliver a check to the Receiver payable to ACF as allocated as described above in the amount of $332,825.62 in full and complete satisfaction of Vaughn's obligations to ACF and the Receiver.

9. The Parties agree there are no other projects or project subcontract agreements between ACF and Vaughn that have any potential subcontract balance or accounts payable to ACF.

10. The Parties stipulate that upon payment of the sum of $332,825.62 to the Receiver, ACF has been paid in full for all labor, services, equipment, and materials furnished by ACF on all of the Projects. ACF waives and releases any mechanic's lien rights and any rights arising under any payment bonds provided on any of the Projects. The Receiver agrees to sign a Texas statutory release of liens and bond claims, on behalf of ACF, releasing all bond or lien claims for any Project, if requested by Vaughn, including the release of any Project owner or any surety that provided a bond on any Project.

11. The Receiver and Vaughn, to the best of their knowledge, have paid all known entities that have provided labor, materials, or equipment to ACF on the Projects, and who asserted timely and proper lien or bond claim notices. If Vaughn receives within ninety (90) days of the date of the entry of this Order any claims from any entities that have provided labor, materials, or equipment to ACF on the Projects, and such claims are not resolved by the Receiver, Vaughn shall be entitled to a credit and refund from the Receiver for any cost it incurs. For the avoidance of doubt, neither ACF nor the Receiver shall bear any responsibility for any such claims asserted after such 90-day period.

12. Vaughn reserves all of its rights under all of the subcontracts with ACF, including but not limited to ACF's warranty obligations and all manufacturers' warranties for materials provided by ACF.

Accordingly, it is hereby stipulated and agreed, and upon approval by the court of this stipulation, it is ORDERED, ADJUDGED, AND DECREED that:

JOINT STIPULATION AND AGREED ORDER BY AND BETWEEN J.T. VAUGHN CONSTRUCTION, LLC, AND THE COURT APPOINTED RECEIVER REGARDING DEFAULT AND FINAL PAYMENT OF ALL SUBCONTRACTS WITH ALL COMMERCIAL FLOORS, INC. — Page 3

4860-1764-5399 / 2320800.DOCX

1. The foregoing recitals are incorporated herein by reference and made a part hereof as if contained herein.

2. Within ten (10) days after the entry of this JOINT STIPULATION AND ORDER, Vaughn shall deliver a check to the Receiver in the amount of $332,825.62, payable to ACF and delivered as follows:

> Via Overnight Courier, addressed to:
> Jeff Merit, Receiver c/o Receivables Control Corporation
> 7373 Kirkwood Ct. Suite 200
> Maple Grove, MN 55369

3. This Court retains jurisdiction with respect to all matters arising from or related to implementation of this Joint Stipulation and Order.

SIGNED:

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

*{continued on following page}*

JOINT STIPULATION AND AGREED ORDER BY AND BETWEEN J.T. VAUGHN CONSTRUCTION, LLC, AND THE COURT APPOINTED RECEIVER REGARDING DEFAULT AND FINAL PAYMENT OF ALL SUBCONTRACTS WITH ALL COMMERCIAL FLOORS, INC. — Page 4

4860-1764-5399 / 2320800.DOCX

AGREED AND ENTRY REQUESTED:

| | |
|---|---|
| *(signature)* | *(signature)* |
| **JEFF MERRIT, IN HIS CAPACITY AS RECEIVER FOR ALL COMMERICAL FLOORS INC.** | **J.T. VAUGHN CONSTRUCTION, LLC**<br>by J. Thomas Vaughn, Chairman |
| WEYCER, KAPLAN, PULASKI & ZUBER, P.C. | ANDREWS MYERS, P.C |
| By: /s/ JEFF CARRUTH<br>JEFF CARRUTH (TX SBN:. 24001846)<br>3030 Matlock Rd., Suite 201<br>Arlington, Texas 76105<br>Telephone: (713) 341-1158<br>E-mail: jcarruth@wkpz.com | By: /s/ T. JOSH JUDD*<br>T. JOSH JUDD (TX SBN:. 24036866)<br>1885 Saint James Place Suite 1500<br>Houston, TX 77056<br>Telephone: 713-489-8799<br>Fax: 713-850-4211<br>E-mail: jjudd@andrewsmyers.com |
| ATTORNEYS FOR<br>JEFF MERRITT, RECEIVER | ATTORNEYS FOR<br>J.T. VAUGHN CONSTRUCTION, LLC |

* Signature by permission by /s/ Jeff Carruth

**JOINT STIPULATION AND AGREED ORDER BY AND BETWEEN J.T. VAUGHN CONSTRUCTION, LLC, AND THE COURT APPOINTED RECEIVER REGARDING DEFAULT AND FINAL PAYMENT OF ALL SUBCONTRACTS WITH ALL COMMERCIAL FLOORS, INC. — Page 5**

4860-1764-5399 / 2320800.DOCX